1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DELILAH KROEKER,                              CASE NO. CV F 10-1662 LJO DLB

12                    Plaintiff,                   **ORDER TO REMAND ACTION TO FRESNO**
                                                   **COUNTY SUPERIOR COURT**
13         vs.                                     (Doc. 13.)

14   FRANK NELSON,

15                    Defendant.
     _____ /
16

17         Defendant Frank Nelson ("Mr. Nelson") improperly removed this motor vehicle action to this

18   Court from Fresno County Superior Court.  This Court lacks subject matter jurisdiction given the

19   absence of diversity jurisdiction (Mr. Nelson and plaintiff Delilah Kroeker ("Ms. Kroeker") are

20   California residents) and the absence of federal question jurisdiction (the United States of America

21   ("Government") has not substituted as defendant and there is no record of exhaustion of administrative

22   remedies against the Government).

23         Mr. Nelson is entitled to petition under 28 U.S.C. § 2679(d)(3) ("section 2679(d)(3)") to seek

24   certification that he acted within the scope of his rural carrier employment at the time of the collision.

25   However, section 2679(d)(3) does not authorize Mr. Nelson to remove the action to this Court.  Section

26   2679(d)(3) provides in pertinent part: "In the event the petition is filed in a civil action or proceeding

27   pending in a State court, the action or proceeding may be removed without bond **by the Attorney**

28   **General** to the district court of the United States for the district and division embracing the place in

1

1   which it is pending." (Bold added.) Section 2679(d)(3) contemplates that Mr. Nelson's certification

2   petition be filed in state court and served on the Government with potential removal by the Attorney

3   General, or perhaps simply filed in this Court as a separate action without removal of the entire

4   underlying state action.[1]  Section 2679 empowers only the Attorney General, not Mr. Nelson, to remove

5   this action to this Court.

6          This Court must strictly adhere to its procedures, especially those regarding subject matter

7   jurisdiction.  Without section 2679 certification and/or removal by the U.S. Attorney, this Court lacks

8   subject matter jurisdiction.  As such, this Court:

9          1.      STRIKES Mr. Nelson's petition for section 2679 certification;

10         2.      VACATES all pending dates and matters before this Court, including the May 18, 2011

11                 pretrial conference and July 5, 2011 trial;

12         3.      REMANDS this action to Fresno County Superior Court and DIRECTS the clerk to take

13                 necessary action to accomplish such remand; and

14         4.      VACATES the order (doc. 18) granting the Government an extension to respond to Mr.

15                 Nelson's petition for section 2679 certification.

16         IT IS SO ORDERED.

17   **Dated:     February 10, 2011                /s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27   _____
     [1]         A leading federal practice guide provides: "If the Attorney General does not make a scope-of-employment
     certification, but the state *court does*, removal is *discretionary*; the Attorney General *may* then remove the case to federal
28   court."  1 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Federal Civil Procedure Before Trial* (2010) Removal
     Jurisdiction, para. 2:837.10, p. 2D-128.